**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DISTRICT)**

| | |
|---|---|
| **PPE CASINO RESORTS MARYLAND LLC, d/b/a MARYLAND LIVE! CASINO,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MGM RESORT INTERNATIONAL, INC., et al.,**<br><br>**Defendants.** | **Case No. 1:16-cv-2654-CCB** |

### RESPONSES AND OBJECTIONS OF PAUL JUNG TO SUBPOENA TO PRODUCE DOCUMENTS AT DEPOSITION

Paul Jung, a non-party to this proceeding, who is the subject of a subpoena to appear for deposition and produce documents, by counsel, pursuant to Federal Rules of Civil Procedure 26, 34, and 45 and the Local Rules of the District Court for the District of Maryland, hereby responds and objects to the subpoena served by Plaintiff PPE Casino Resorts Maryland LLC, d/b/a Maryland Live! Casino ("Plaintiff") dated September 14, 2016, (the "Subpoena"), as follows:

### PRELIMINARY STATEMENT

Respondent Paul Jung is an employee of MGM Grand Hotel and Casino, 3799 Las Vegas Blvd., Las Vegas, NV 89109.

### OBJECTIONS TO DEFINITIONS

1.  Respondent objects to the definition of "Confidential Information," set forth in Paragraph (h) of the Instructions, on grounds that it is overbroad and unduly burdensome because not all the information included in Plaintiff's definition was confidential and/or proprietary.

2.  Because the agreements at issue include a twelve (12) month look back period,

Respondent also objects to the definition of the "Discovery Period," set forth in Paragraph (e) of the Instructions, on grounds that it is overbroad and unduly burdensome in temporal scope. Subject to and without waiving this objection, Respondent will respond to each request for the twelve months preceding this litigation, from July 22, 2015 to the present.

3. Respondent further objects to the definition of "MGM," set forth in Paragraph (i) of the Instructions, on grounds it is overbroad and unduly burdensome to the extent it includes third parties who are not involved in this litigation, including MGM Resorts International's parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, and other persons acting or purporting to act on its behalf.  Subject to and without waiving this objection, Respondent will respond to each request with the understanding that "MGM" means MGM Resorts International.

## REQUESTS FOR PRODUCTION

**REQUEST NO.1:**  All documents relating to any of the Casino Host Defendants.

**RESPONSE:**   Respondent objects on grounds that request is overly broad and unduly burdensome to the extent it seeks "all documents relating to any of the Casino Host Defendants." Under the Federal Rules of Civil Procedure, the scope of discovery is limited to matters that are relevant to a party's claim or defense.  Fed. R. Civ. P. 26(b)(1).  No context is provided as how the documents requested relate to particular allegations in Plaintiff's Complaint.  Respondent further objects to this request on grounds it is overly broad and unduly burdensome to the extent it seeks confidential information and is not limited to Plaintiff's claims of breach of the employee non-compete agreement and misappropriation of confidential information given that it encompasses relating to the Casino Host Defendants' benefits and wages.

**REQUEST NO.2:**  All documents relating to the Lawsuit.

**RESPONSE:** Respondent objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and constitutes attorney-work product. Respondent further objects on grounds that this request is vague, overly broad and unduly burdensome as it seeks "all documents relating to the lawsuit" which encompasses documents that have no bearing on the case and it unclear about what "relating to" the lawsuit means. Further, the burdensome and intrusive nature of the request is magnified because Respondent is a third party.

**REQUEST NO.3:** All written communications (including email and text messages) with you and any of the Casino Host Defendants.

**RESPONSE:** Respondent objects to this request on grounds it seeks confidential information, seeks information that is not Respondent's property to the extent it encompasses communications on a system owned by MGM, and is overly broad to the extent it is not limited to Plaintiff's claims of breach of the employee non-compete agreement and misappropriation of confidential information.

**REQUEST NO.4:** All written communications (including email and text messages) with you and any of the Casino Host Defendants relating to customers of MGM Resorts International, MGM National Harbor and/or or Destron, Inc.

**RESPONSE:** Respondent further to this request on grounds it is overly broad and unduly burdensome as it seeks confidential documents relating to third parties (that is, customers) who are not part of this litigation. Respondent further objects to this request on grounds it seeks confidential information, seeks information that is not Respondent's property to the extent it encompasses communications on a system owned by MGM, and is overly broad and unduly burdensome because it is not limited to Plaintiff's claims of breach of the employee non-compete agreement and misappropriation of confidential information.

**REQUEST NO. 5:**   Any and all documents involving lawsuits, complaints and/or claims filed or asserted against MGM and/or Destron as it relates to non-compete agreements, including the pleadings filed by the parties and, where applicable, the judicial outcome.

**RESPONSE:**   Respondent objects to this request on grounds it seeks information that is irrelevant and nor reasonably calculated to lead to the discovery of admissible evidence since any such lawsuits or complaints of claims have no bearing on Plaintiff's attempt to enforce its restrictive covenants in this case and, moreover, seeks documents such as publicly-filed papers that are equally available, to the extent they exist, with the same burden to Plaintiff as Respondent.  Further, Respondent objects on the grounds this request is overly broad and unduly burdensome as it seeks confidential documents relating to third parties who are not part of this litigation. Respondent further objects to the extent this request seeks any documents prepared in anticipation of litigation and covered by attorney-client privilege and/or the attorney work product doctrine.  Respondent further objects to this request on grounds it is overly broad and unduly burdensome to the extent it seeks confidential information and is not limited to Plaintiff's claims of breach of the employee non-compete agreement and misappropriation of confidential information.

**REQUEST NO. 6:**   All documents relating to MGM customers with an address in the Maryland, Washington D.C., Virginia and/or W. Virginia area that were added and/or included after January 31, 2016.

**RESPONSE:**   Respondent objects to this request on grounds it is overly broad and unduly burdensome as it seeks confidential documents relating to third parties who are not part of this litigation.  Respondent also objects that it seeks confidential customer information that is not Respondent's property.  Respondent further objects to this request on grounds it is overly broad and unduly burdensome to the extent it is not limited to Plaintiff's claims of breach of the

employee non-compete agreement and misappropriation of confidential information. For that same reason and because this request goes beyond any involvement in the Individual Defendants, it is objectionable as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO.7:** Any and all documents relating to lease agreements or the office location of Destron.

**RESPONSE:** Respondent objects to this request on grounds it is overly broad, unduly burdensome and seeks information that is irrelevant and nor reasonably calculated to lead to the discovery of admissible evidence because it is not limited to the allegations in this case and Destron has locations other than its Virginia office which are unrelated to this action. Respondent further objects that this request seeks confidential information that is not the property of Respondent.

**REQUEST NO. 8:** All written communications (including email and text messages) between you and any of the Casino Host Defendants, MGM and/or Destron, Inc. relating to Maryland Live! and/or Maryland Live! Customers.

**RESPONSE:** Respondent objects to the phrase "Maryland Live! Customer" as vague and failing to identify with reasonable particularity the communications requested. Respondent also objects to the extent that the request encompasses communications about Maryland Live! that have no bearing on the allegations in this case. Respondent additionally objects to the extent it seeks information that is not Respondent's property to the extent it encompasses communications on a system owned by MGM. Respondent finally objects to this request on grounds it is overly broad and unduly burdensome as it seeks confidential documents relating to third parties who are not part of this litigation.

**REQUEST NO. 9:** All documents and communication (including email and text messages) that you provided, sent, exchanged, furnished to or received from the Casino Host Defendants during the Discovery Period.

**RESPONSE:** Respondent objects to this request on grounds it is overly broad and unduly burdensome to the extent it seeks "all documents," seeks confidential information as well as information that is not Respondent's property to the extent it encompasses communications on a system owned by MGM, and is not limited to Plaintiff's claims of breach of the employee non-compete agreement and misappropriation of confidential information.

**REQUEST NO. 10:** All Documents and Communications (including email and text messages) relating to or reflecting the circumstances of MGM or Destron hiring the Casino Host Defendants, including without limitation:

(a) any written offers or negotiations of employment;

(b) any job description provided to the Casino Host Defendants (whether in draft or final form);

(c) any materials in which the Casino Host Defendants were asked to disclose, or did disclose, conflicts of interest, confidentiality obligations, non-solicitation obligations, and non-compete obligations; and

(d) any materials responsive to any of the subparts of this Request that were provided by third-parties, including without limitation search firms, recruiters, and the like.

**RESPONSE:** Respondent objects to this request because it seeks information that is not Respondent's property and seeks confidential information. Respondent further objects on grounds it is overly broad and unduly burdensome to the extent it seeks confidential information and is not limited to Plaintiff's claims of breach of the employee non-compete agreement and misappropriation of confidential information. Respondent further objects to the extent this

request seeks any documents prepared in anticipation of litigation and covered by attorney-client privilege and/or the attorney work product doctrine.

**REQUEST NO. 11:** All Documents and Communications (including email and text messages) relating to or reflecting the Casino Host Defendants' responsibilities (or possible responsibilities) that any of the Casino Host Defendants would have upon accepting employment with Destron or MGM or after any of the Casino Host Defendants were actually employed by Destron or MGM, including without limitation:

(a) job title;

(b) job description;

(c) terms of employment;

(d) the specific player markets or geographic areas in which any of the Casino Hosts will work;

(e) any of the Casino Host Defendants' day-to-day responsibilities;

(f) any current or future projects to which the Casino Host Defendants' position may relate;

(g) any current or future clients or customers to which the Casino Host Defendants' would be, are currently or will be assigned; and

(h) any job pre-requisites or job requirements for any of the Casino Host Defendants' positions.

**RESPONSE:** Respondent objects because this request seeks information that is not Respondent's property and seeks information that is confidential. Respondent further objects on grounds the request is overly broad and unduly burdensome in temporal scope to the extent it seeks documents relating to any "future projects", or "future clients or customers" which could involve projects and/or services outside the restricted period at issue.

**REQUEST NO. 12:**   All documents that relate to, or refer to, the Casino Host Defendants' hiring, employment at, or resignation from Maryland Live!, including without limitation:

    (a)    resumes, CVs and other information related to the Casino Host Defendants' experience and employment history;

    (b)    any description of responsibilities at Maryland Live!;

    (c)    any description or identification of clients or customers of the Casino Host Defendants while employed by Maryland Live!

    (d)    compensation at Maryland Live!; and

    (e)    any description or discussion of the reasons the Casino Host Defendants resigned from Maryland Live!

**RESPONSE:**   Respondent objects to this request on grounds it is overly broad and unduly burdensome and to the extent it seeks confidential documents.  Respondent further objects to the extent this request assumes Respondent has any knowledge of Maryland Live! customers and seeks any documents prepared in anticipation of litigation and covered by the attorney-client privilege and/or attorney work product doctrine.

**REQUEST NO. 13:**   All Documents showing any instructions issued by you to the Casino Host Defendants pertaining to the Non-Compete Agreement.

**RESPONSE:**   Respondent objects to this Request on the grounds that it seeks information that is not Respondent's property and documents prepared in anticipation of litigation and covered by attorney-client privilege and/or the attorney work product doctrine.

**REQUEST NO. 14:**   All Communications (including email and text messages) during the Discovery Period between you, or anyone acting on your behalf, and any current or former employees of Maryland Live! regarding (i) their employment with Maryland Live!, (ii) the possibility that they might leave Maryland Live!, and/or (iii) their possible employment with you,

including all Communications aimed at soliciting current or former Maryland Live! employees to join you and Communications reflecting the negotiation of employment terms including compensation with current or former Maryland Live! employees.

**RESPONSE:**  Respondent further to this request on grounds it seeks information that is not Respondent's property to the extent it encompasses communications on a system owned by MGM, is overly broad and unduly burdensome to the extent it seeks confidential information and is not limited to Plaintiff's claims of breach of the employee non-compete agreement and misappropriation of confidential information. Respondent further objects to this request on grounds it seeks confidential documents relating to third parties who are not part of this litigation.

**REQUEST NO. 15:**   All documents that list or identify, by date and location, all events that took place in Maryland, Virginia, West Virginia or the District of Columbia from January 1, 2016 to the present, that were hosted or sponsored by MGM or Destron, or attended by the Casino Host Defendants, at which MGM National Harbor was marketed or promoted.

**RESPONSE:**   Respondent objects to this request on grounds it seeks information that is not Respondent's property, seeks confidential information, and is overly broad and unduly burdensome since it is not limited to Plaintiff's claims of breach of the employee non-compete agreement and misappropriation of confidential information.

**REQUEST NO. 16:**  All documents that identify all persons who attended any event described in Request No. 15.

**RESPONSE:** Respondent objects to this request on grounds it seeks information that is not Respondent's property, seeks confidential information, and is overly broad and unduly burdensome since it is not limited to Plaintiff's claims of breach of the employee non-compete

agreement and misappropriation of confidential information. Respondent further objects to this request on grounds it seeks confidential documents relating to third parties who are not part of this litigation.

Dated: September 28, 2016                     PAUL JUNG

*/s/ Paul J. Kennedy*
Paul J. Kennedy (Bar No. 15447)
Linda Jackson (*Pro Hac Vice*)
Littler Mendelson, P.C.
815 Connecticut Ave., N.W., Suite 400
Washington, D.C. 20006
Telephone: (202) 842-3400
Facsimile: (202) 842-0011
pkennedy@littler.com
ljackson@littler.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of September 2016, a copy of the foregoing Paul Jung's Responses and Objections to Subpoena, which was electronically filed in this case on this date, was served electronically upon all parties receiving service via CM/ECF in this case as identified on the Notice of Electronic Filing, as well as via email as follows:

>Matthew A. S. Esworthy, Esq.
>Paul Mark Sandler, Esq.
>SHAPIRO SHER GUINOT & SANDLER
>250 West Pratt Street, Suite 2000
>Baltimore, Maryland 21201
>mase@shapirosher.com
>pms@shapirosher.com
>
>Bryan M. O'Keefe, Esq.
>Michael A. Schulman, Esq.
>Cormac T. Connor, Esq.
>Matthew D. Keiser, Esq.
>KIRKLAND & ELLIS, LLP
>655 Fifteenth Street N.W.
>Washington, DC 20005
>bryan.okeefe@kirkland.com
>michael.schulman@kirkland.com
>cormac.connor@kirkland.com
>matthew.keiser@kirkland.com
>
>*Attorneys for Plaintiff*
>*PPE Casino Resorts Maryland LLC, d/b/a Maryland Live! Casino*
>
>Philip M. Andrews
>David J. Shuster
>KRAMON AND GRAHAM PA
>One South St Ste 2600
>Baltimore, MD 21202
>pandrews@kg-law.com
>dshuster@kg-law.com
>
>*Counsel for Defendants Dung Nguyen, Julie Du, Young Suh*

                                        */s/ Paul J. Kennedy*
                                        Paul J. Kennedy (Bar No. 15447)